UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KATHRYN KELLY STEVENS, Trustee of ) <br> The Naylor Grandchildren's trust ) <br> f/b/o N.G.N., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEWBRIDGE PARTNERS, LLC n/k/a ) <br> VICTORY CAPITAL MANAGEMENT, INC., ) <br> and McKINLEY CAPITAL ) <br> MANAGEMENT,INC., ) <br> ) <br> Defendants. ) | Civil Action No. 3:05-cv-00566 <br> [JURY] |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED PETITION

Defendant, Victory Capital Management, Inc. ("Victory"), by its undersigned counsel, submits the following as it Answer to Plaintiffs' First Amended Petition.

### I. DISCOVERY CONTROL PLAN

1. Paragraph 1 of Plaintiffs' First Amended Petition sets forth a legal conclusion to which no response is necessary; however, in the event the Court disagrees, Victory denies the assertions set forth in Paragraph 1 of the First Amended Petition.

### II. PARTIES

2. Victory is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' First Amended Petition, and therefore denies the same.

3. Victory denies the allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition.

4. Victory is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition, and therefore denies the same.

### III.   JURISDICTION AND VENUE

5. Victory denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition.

### IV.   AFFECTED INTERESTS

6. Victory is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition, and therefore denies the same.

### V.   FACTS

7. Victory is without information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 7 of Plaintiffs' First Amended Petition, and therefore denies the same. The contracts referenced in the third sentence of Paragraph 7 of Plaintiffs' First Amended Petition speak for themselves, and therefore require no response.

8. Victory is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Petition, and therefore denies the same.

9. Victory is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' First Amended Petition, and therefore denies the same.

10. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' First Amended Petition, and therefore denies the same.

## VI.   CONDITIONS PRECEDENT

11. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' First Amended Petition, and therefore denies the same.

## VII.   CAUSES OF ACTION

### A.   Breach of Contract

12. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' First Amended Petition, and therefore denies the same.

### B.   Breach of Fiduciary Duty

13. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' First Amended Petition, and therefore denies the same.

### C.   Negligence

14. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' First Amended Petition, and therefore denies the same.

### D. Deceptive Trade Practices

15. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' First Amended Petition, and therefore denies the same.

## VIII. DISCOVERY RULE AND FRAUDULENT CONCEALMENT

16. Victory is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' First Amended Petition, and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. The First Amended Petition fails to state a claim upon which relief may be granted.

2. The First Amended Petition should be dismissed due to insufficiency of process and insufficiency of service of process.

3. The First Amended Petition should be dismissed due to improper venue.

4. The First Amended Petition should be dismissed because the Court lacks personal jurisdiction over the Defendants.

5. The First Amended Petition should be dismissed because it fails to join indispensable parties.

6. The First Amended Petition should be dismissed because Victory is not properly a party to this action.

7. The Plaintiffs' claims are barred by the applicable statutes of limitations.

8. The Plaintiffs' claims are barred by the doctrine of laches.

9. The Plaintiffs' claims are barred by the doctrine of estoppel.

10. The Plaintiffs' claims are barred by the doctrine of unclean hands.

11. The Plaintiffs' claims are barred by the doctrines of ratification and affirmance.

12. The Plaintiffs' claims are barred by the doctrine of waiver.

13. The Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

14. The Plaintiffs' claims are barred because any damages allegedly suffered by them are not causally related to any act or omission by the Defendants, or any act or omission legally attributable to the Defendants, and may be legally attributable to the negligence and/or acts or omissions of others, including the Plaintiffs themselves.

15. The Plaintiffs' claims are barred because they did not reasonably rely to their detriment upon any representations or actions by the Defendants.

16. The Plaintiffs' claims are barred by their own contributory negligence.

17. The Plaintiffs' claims are barred by their assumption of the risk of loss.

18. The Plaintiffs claims are barred because the Defendants acted at all times in good faith and in compliance with all applicable rules and regulations.

19. The Plaintiffs' claims are barred by their failure to mitigate damages.

20. The Plaintiffs' claims are barred by the Defendants' entitlement to an offset in damages.

21. The Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense.

22. Victory also incorporates herein by reference the Affirmative Defenses set forth by Defendant McKinley Capital Management, Inc. in its previously filed Answer.

WHEREFORE, Victory Capital Management, Inc. prays that the First Amended Petition be dismissed with prejudice, and for its attorney's fees, costs of suit, and such other relief as the Court deems just and equitable.

Dated:  October 31, 2005

Respectfully Submitted,

**Bernstein, Shur, Sawyer & Nelson, P.C.**
Daniel J. Mitchell
John G. Osborn
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207)774-1200
Fax: (207)774-1127

**Allensworth and Porter, L.L.P.**

By: _____
W. Wade Porter
TBN: 16156700; SDTX: 01649
Matthew C. Ryan
TBN: 24004901; SDTX: 38350
620 Congress Avenue, Suite 100
Austin, Texas 78701-3229
Telephone: (512) 708-1250
Fax: (512) 708-0519

*Attorneys for Defendant Victory Capital Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Victory Capital Management, Inc. has been electronically filed with the United States District Court for the Southern District of Texas, this 31st day of October, 2005, and was delivered to the following counsel of record:

***Via Certified Mail, return receipt requested:***
Randall A. Pulman
Tompkins, Pulman, Bresnahan & Pullen, LLP
6919 Blanco Road
San Antonio, Texas 78216

Clifford K. Atkinson
Atkinson & Thal, P.C.
201 3rd Street NW, Suite 1850
Albuquerque, New Mexico 87102,

*Via Electronic Mail Service:*
Douglas W. Poole
McLeod, Alexander, Powel & Apffel, P.C.
802 Rosenberg
P.O. Box 629
Galveston, Texas 77553-0629

_____
Matthew C. Ryan