## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

KATHRYN KELLY STEVENS, Trustee of
the Naylor Grandchildren's Trust, f/b/o
NGN, et al.,

                **Plaintiffs,**

v.                             **Civil Action No. G-05-566**

NEW BRIDGE PARTNERS, LLC, n/k/a
Victory Capital Management, Inc. and
McKINLEY CAPITAL MANAGEMENT,
INC.,

                **Defendants.**

### OPPOSED MOTION OF DEFENDANT McKINLEY CAPITAL MANAGEMENT TO DISMISS CASE FOR LACK OF VENUE PURSUANT TO RULE 12(c), OR, ALTERNATIVELY, TRANSFER PURSUANT TO 28 U.S.C. § 1404(a).

Pursuant to Fed.R.Civ.P. 12(c), McKinley Capital Management, Inc. ("MCM"), by and through its undersigned counsel, respectfully moves this Court to dismiss this case for lack of venue. Alternatively, pursuant to 28 U.S.C. § 1404(a), MCM moves this Court to transfer this case to the District of Alaska. As grounds for this Motion, MCM states that Plaintiffs bring this case against MCM for breach of contract and other claims arising under the April 14, 2000 Investment Advisory Agreement (IAA) with MCM. *See* First Amended Petition at 4-5, Ex. 2; MCM Answer, Ex. A, bates pp. 000185-0001278. Paragraph 12 of the IAA (*See* Answer, Ex. A at bates 000182) states that:

> This agreement shall be construed and interpreted in accordance with the laws of the State of Alaska (except for the choice-of-law provisions of such laws). The federal and state courts situated in the Third Judicial District at Anchorage, Alaska shall be the *exclusive* forum for any action brought under this agreement. By their signatures below, the parties hereby consent to the personal jurisdiction of such courts and waive any defense that such courts provide an inconvenient forum. [Emphasis supplied.]

Thus, the "exclusive" forum in which Plaintiffs may pursue this case is in a federal or state court "situated in the Third Judicial District at Anchorage, Alaska." The Plaintiffs have waived any right to assert that Alaska courts provide an inconvenient forum, and are bound by the IAA to litigate this matter, if at all, in Alaska, not in Texas. Moreover, the law of Alaska is to be applied to resolve this dispute and Plaintiffs have subjected themselves to the personal jurisdiction of the courts of Alaska. Dismissal pursuant to Fed.R.Civ.P. 12(c) or, alternatively, transfer to the District of Alaska pursuant to 28 U.S.C. §1404(a) thus is required. *See*, *e.g.*, Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112 (5th Cir. 1996); Spradlin v. Lear Siegler Management Services Co., 926 F.2d 865 (9th Cir. 1991); LaFargue v. Union Pacific Railroad, 154 F.Supp.2d 1001 (S.D. Tex. 2001) (Kent, J.); Sabocuhan v. Geco-Prakla, 78 F. Supp.2d 603 (S.D. Tex. 1999) (Kent, J.); Schaff v. Sun Line Cruises, Inc., 999 F. Supp. 924 (S.D. Tex. 1998) (Kent, J.), and other authorities cited in MCM's brief in support of this Motion. MCM files that brief contemporaneously herewith. In further support hereof, MCM submits the Affidavit of Diane M. Wilke, Executive Vice President and Chief Operating Officer of MCM, attached hereto as Exhibit 1.

This Motion is opposed. Accordingly, MCM requests that the Court grant this Motion and dismiss or transfer this action.

McLEOD, ALEXANDER, POWEL
& APFFEL

By: _____ by Authony Brown
    Douglas W. Poole    by permission
    Attorney-in-Charge
    Texas Bar No. 116115600
    SDTX: 629
    802 Rosenberg
    P.O. Box 629
    Galveston, TX 77553
    Phone: (409) 763-2481


ATKINSON & THAL, P.C.

By: _____ by
    Clifford Atkinson
    New Mexico Bar No. 106
    201 Third Street, N.W., Suite 1850
    Albuquerque, NM 87102
    Phone: (505) 764-8111

*Attorneys for Defendant McKinley
Capital Management, Inc.*


## CERTIFICATE OF CONFERENCE

I certify my firm conferred with opposing counsel on Monday, November 21, 2005, regarding McKinley Capital Management, Inc.'s motion to transfer venue and they were opposed.

_____
DOUGLAS W. POOLE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading was served this 21st day of November, 2005 via first class mail:

Randall A. Pulman
Lance Hunter "Luke" Beshara
Pullman, Bresnahan & Pullen, LLP
6919 Blanco Road
San Antonio, Texas  78216

Dan Mitchell
John Osborn
Bernstein, Shur, Sawyer & Nelson
P.O. Box 9729
Portland, Maine   04104

Wade Porter
Matt Ryan
Allensworth & Porter, L.L.P.
620 Congress Avenue
Austin, Texas  78701

Douglas W. Poole