UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KATHRYN KELLY STEVENS, Trustee of | ) | |
| The Naylor Grandchildren's trust | ) | |
| f/b/o N.G.N., et al., | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:05-cv-00566 |
| | ) | [JURY] |
| | ) | |
| NEWBRIDGE PARTNERS, LLC n/k/a | ) | |
| VICTORY CAPITAL MANAGEMENT, INC., | ) | |
| and McKINLEY CAPITAL | ) | |
| MANAGEMENT,INC., | ) | |
| | ) | |
|      Defendants. | ) | |

## RESPONSE OF DEFENDANT VICTORY CAPITAL MANAGEMENT, INC. TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Victory Capital Management, Inc. ("Victory"), by its undersigned counsel, hereby submits the following opposition to the Plaintiffs' Motion to Remand:

## BACKGROUND

The Plaintiffs filed an Original Petition in the 405th Judicial Circuit of Galveston County, Texas on February 21, 2003. *See* True Copy of Original Petition attached as Exhibit A to Affidavit of Daniel J. Mitchell, Esq., dated December 12, 2005 ("Mitchell Affidavit"), attached hereto. The Original Petition was filed by the Plaintiffs against Morgan Stanley DW, Inc., Morgan Stanley Dean Witter & Co. and Dean Witter Reynolds, Inc. (collectively, the "MSDW Defendants"). Exhibit A to Mitchell Affidavit. The factual bases of the causes of action asserted by the Plaintiffs in the Original Petition essentially were threefold: (1) Alleged

misrepresentations made by Robert Hardcastle, an agent of the MSDW Defendants, regarding his intention to manage and monitor the Plaintiffs' investment accounts if they were transferred to the MSDW Defendants; (2) the alleged failure of the MSDW Defendants to "actively manage" the Plaintiffs' investment accounts in accordance with the representations of Mr. Hardcastle; and (3) the alleged failure of the MSDW Defendants to evaluate the suitability of the securities contained in the Plaintiffs' investment accounts. Exhibit A to Mitchell Affidavit, at ¶¶8-14. Based on these factual allegations, the Plaintiffs alleged causes of action for breach of an oral contract (Cause of Action "A"), for breach of fiduciary duties allegedly owed to the Plaintiffs by the MSDW Defendants in their capacities as "securities brokers" (Cause of Action "B"), for negligent misrepresentation (Cause of Action "C"), for deceptive trade practices (Cause of Action "D"), for fraud (Cause of Action "E") and for fraud in the inducement (Cause of Action "F"). Exhibit A to Mitchell Affidavit, at ¶¶16-21. Nowhere does the Original Petition mention either Victory or Defendant McKinley Capital Management, Inc. ("McKinley") *See* Exhibit A to Mitchell Affidavit.

On May 22, 2003, following two extensions of the MSDW Defendants' answer deadline, the state court abated the Original Petition. *See* True Copy of 405th Judicial District Court Civil Docket Sheet attached as Exhibit B to the Mitchell Affidavit. The purpose of the abatement was to allow the parties to proceed to a mandatory arbitration before the National Association of Securities Dealers ("NASD"). Plaintiffs' Motion to Remand ¶5. After the state court entered the aforementioned abatement, no further action is noted in the case until April 25, 2005, nearly two years later, when the court noticed a dismissal for want of prosecution by the Plaintiffs. Exhibit B to Mitchell Affidavit. Subsequently, on June 14, 2005, the court took the case off the

"DWOP" docket after it was advised that the arbitration hearing was pending.  Exhibit B to Mitchell Affidavit.

On or about September 6, 2005, the Plaintiffs, represented by new counsel, filed the First Amended Petition.  Sometime prior to filing the First Amended Petition, the Plaintiffs settled their claims against the MSDW Defendants.  Plaintiffs' Motion to Remand ¶6.  The First Amended Petition names only Victory and McKinley as Defendants.  As set forth in the First Amended Petition, the Plaintiffs' claims are based on their allegations that Victory and McKinley were investment advisors for the Plaintiffs, with whom the Plaintiffs had written investment management contracts, and that "[d]ue to Defendants' gross mismanagement, breach of fiduciary duty, and/or total abdication of duties, the value of the Plaintiffs' assets plummeted . . . ."  First Amended Petition ¶¶7-10.  The First Amended Petition asserts causes of action for breach of the written investment management contracts (Cause of Action "A"), for breach of fiduciary duties allegedly owed to the Plaintiffs by Victory and McKinley by virtue of their "full discretion and authority to control" the transactions in the Plaintiffs' investment accounts (Cause of Action "B"), for negligence (Cause of Action "C") and for alleged deceptive trade practices (Cause of Action "D").  First Amended Petition ¶¶12-15.

Victory first received a copy of the First Amended Petition when it was served on Victory on September 29, 2005.  *See* True Copies of Notice of Service and Return of Service, attached as Exhibits C and D, respectively, to Mitchell Affidavit.  On October 24, 2005, McKinley filed a Notice of Removal to this Court, and Victory filed a Joinder in Removal that same day, indicating its concurrence in the Notice of Removal.  The basis of removal, as set forth in the Notice of Removal, was diversity jurisdiction under 28 U.S.C. §1332.

On October 31, 2005, Plaintiffs' Counsel wrote to counsel for both Victory and McKinley to assert that removal in this case was improper pursuant to the one-year time limit on removals contained in the second paragraph of 28 U.S.C. §1446(b). *See* True Copy of Letter of Randall A. Pulman, Esq. attached as Exhibit E to the Mitchell Affidavit. Plaintiffs' Counsel referred to the one-year deadline as an "absolute deadline" that had "long since passed" because the Original Petition was filed in February 2003. Exhibit E to Mitchell Affidavit. Thus, Plaintiffs' Counsel asked the Defendants voluntarily to withdraw their removal. *Id.*

On November 3, 2005, undersigned counsel for Victory responded to Plaintiffs' Counsel's aforementioned letter, explaining that the Plaintiffs' position with regard to the one-year deadline was incorrect in light of clear precedent in the Fifth Circuit. *See* True Copy of Letter of Daniel J. Mitchell, Esq. attached as Exhibit F to the Mitchell Affidavit (*citing Johnson, et al. v. Heublein Inc., et al.*, 227 F.3d 236, 241 (5th Cir. 2000)).[1] Undersigned counsel further asked Plaintiffs' Counsel to let Victory know if the Plaintiffs disagreed with Victory's analysis of the one-year deadline issue as discussed in the *Johnson* case, because Victory had "no desire to remove the case improperly." Exhibit F to Mitchell Affidavit. The next communication Victory received from Plaintiffs' Counsel on the subject of removal was the instant Motion to Remand. Mitchell Affidavit ¶8.

## ARGUMENT

### I.     The 30-Day Time Limit for Removal Under §1446(b) Should Not be Governed by the Date When the MSDW Defendants Received Notice of the Original Petition

The Plaintiffs, changing the position they expressed previously to Victory and McKinley, now contend that removal is improper in this case because the MSDW Defendants did not seek

---

[1] In *Johnson*, the Fifth Circuit held that the one-year limitation on removals in §1446(b) applied only to cases that were not removable originally. The instant case, in contrast, appears to have been removable as of the time the Original Petition was filed by the Plaintiffs. Plaintiffs' Motion to Remand ¶¶1-3.

4

to remove the Original Petition within 30 days of receiving it back in February 2003.  Plaintiffs'
Motion to Remand ¶9.  This position lacks legal merit and would lead to grossly inequitable
results in this case.

The sole case on which the Plaintiffs' argument rests is *Brown v. Demco, Inc., et al.*, 792
F.2d 478 (5th Cir. 1986).  In *Brown*, the plaintiff filed a removable state court action against a
number of defendants, none of whom sought to remove the case to Federal Court.  *Brown*, 792
F.2d at 480.  Thereafter, the parties engaged in extensive litigation in state court for four years,
including extensive motion and discovery practice.  *Brown*, 792 F.2d at 480, 481.  The plaintiff
then added a defendant to the case, who removed it to Federal Court with the concurrence of the
other co-defendants.  *Brown*, 792 F.2d at 480.  The Fifth Circuit, construing the requirement in
Section 1446(b) that removal must occur within 30 days after receipt by the defendant of the
initial pleading, *see* 28 U.S.C. §1446(b), held that the later-added co-defendant's removal was
untimely.  *Brown*, 792 F.2d at 481-82.  The Court premised its application of the so-called first-
served defendant rule[2] on two factors:  First, removal must be a unanimous decision among all
defendants.  *Brown*, 792 F.2d at 481 (*citing Tri-Cities Newspapers, Inc. v. Tri-Cities Printing,
Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)).[3]  Second, the Court found that removal was
improper because it would have permitted the co-defendants "to obtain removal after they have
tested the state-court waters for four years . . . [and] would give them a second opportunity to
forum-shop and further delay the progress of the suit."  *Id.*

The first-served defendant rule should not be applied to the instant case because Victory
and McKinley <u>never</u> have been co-defendants with the MSDW Defendants.  *See* Original

---

[2] *See, e.g.,* 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure:  Jurisdiction 3d, §3732 at 339
(discussing the first-served defendant rule in the context of the 30-day limitation in §1446(b)).
[3] In this regard, the Court observed that "[a] defendant who is added to a case in which a co-defendant has failed to
seek removal is in no worse position than it would have been in if the co-defendant had opposed removal . . . ."
*Brown*, 792 F.2d at 481.

Petition (Exhibit A to Mitchell Affidavit) and First Amended Petition.  As explained by the Fifth Circuit, the rule "promotes unanimity among the defendants without placing undue hardships on subsequently served defendants."  *Getty Oil Corp. v. Insurance Co. of North America, et al.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (*citing Brown*).  Clearly, however, it would be illogical to impose the unanimity requirement on parties that never have been co-defendants in a case, and, therefore, never could have had the opportunity to join in removal, even in a theoretical sense.

Moreover, unlike the removal in *Brown*, it is indisputable that removal in <u>this</u> case would not provide any party with the opportunity to "test the state court waters" or with a second opportunity to forum shop.  *Brown*, 792 F.2d at 481.  *See also Johnson*, 227 F.3d at 242 (the purposes of the 30-day limitation are "to deprive the defendant of the undeserved tactical advantage of seeing how the case goes in state court before removing, and to prevent the delay and wastefulness of starting over in a second court after significant proceedings in the first.") (Citation omitted).  Such concerns simply do not exist in this case because the MSDW Defendants are not a party to the First Amended Petition, nor was there any significant litigation activity that ever took place in the 405th Judicial District Court with regard to the Original Petition.  *See* Exhibit B to Mitchell Affidavit.  Indeed, the Original Petition nearly was dismissed due to a lack of activity.  These facts stand in sharp contrast to the factual situation addressed by the Court in *Brown*.

As the Court in *Brown* also noted, the 30-day time limit in Section 1446(b) does not affect the jurisdiction of the District Court, and equitable considerations properly may be made in deciding whether and how the 30-day time limit should be applied.  *Brown*, 792 F.2d at 481 Thus, in *Brown*, the Court weighed the equities and determined that the unfairness of giving the co-defendants an undeserved tactical advantage outweighed any potential unfairness to the last-

joined defendant in denying to it the opportunity to seek removal.  *Id.*  Applying the test of basic fairness to the instant case, the equitable balance tips strongly in favor or permitting removal by Victory and McKinley.  There are no co-defendants in this case who will gain any undeserved tactical advantage as the result of removal, nor has any party been given a second opportunity to forum shop, nor will there be any waste or delay occasioned by removal (since there essentially has been no significant activity in the 405th Judicial District Court), nor will the Plaintiffs be required to "start over" in this Court.  On the other hand, it would be extremely unfair to deny to Victory and McKinley the ability to remove this case simply because another party, which never was a co-defendant, and which never litigated in front of the state court because it invoked its right to mandatory arbitration, did not remove the case.[4]

**II.      Even if the Removal Deadline is Measured from the Time When the MSDW Defendants Received Notice of the Original Petition, the Court Should Find that Removal is Timely Pursuant to the Revival Exception**

In *Johnson v. Heublein*, *see supra*, the Fifth Circuit held that the 30-day time limit for removal under Section 1446(b) is subject to a revival exception, through which "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson*, 227 F.3d at 241.  In this case, even if the deadline for removal is measured from the time when the MSDW Defendants received the Original Petition, the revival exception clearly should operate to permit removal.

The First Amended Petition is substantially a new action as compared to the Original Petition, differing with respect to the parties involved, the essential factual allegations underlying the claims and the causes of action alleged by the Plaintiffs.  As discussed already, the Plaintiffs

---

[4] Given that the MSDW Defendants apparently had, and exercised, the right to compel mandatory arbitration, it is difficult to discern why they would have opted to remove the case in any event.

completely have altered the defendant parties, substituting two new defendants who were not mentioned even a single time in the Original Petition.  The Original Petition was premised primarily on allegations of fraud and misrepresentation by the MSDW Defendants and their agents, and the failure by the MSDW Defendants to recommend suitable investments.  Exhibit A to Mitchell Affidavit, at ¶¶8-14.  In contrast, the claims against Victory and McKinley are based not on allegations of fraud and misrepresentation, or the failure to recommend suitable investments, but on the alleged roles of Victory and McKinley as discretionary investment advisors, pursuant to written investment advisory contracts, who generally are alleged by the Plaintiffs to have mismanaged their assets.  First Amended Petition ¶¶7-10.  The causes of action in the Original Petition for negligent misrepresentation, fraud and fraud in the inducement are gone completely from the First Amended Petition, which also adds a cause of action for negligence that was not included in the Original Petition.  In reality, the only characteristic that is common to both the Original Petition and the First Amended Petition is that, in both pleadings, the Plaintiffs allege that the value of their investment accounts declined.  The Plaintiffs' bald assertion that "the underlying factual allegations and causes of action [in the Original and First Amended Petitions] remain essentially the same," First Amended Petition ¶6, simply is not accurate.

In assessing whether to apply the revival exception, the Court should evaluate each case on its unique facts, giving due regard to the purposes of the 30-day time limit and the "proper allocation of decision-making responsibilities between state and federal courts."  *Johnson*, 227 F.3d at 242 (*quoting Wilson v. Intercollegiate (Big Ten) Conference A.A.*, 668 F.2d 962, 965 (7th Cir. 1982)).  Under the circumstances of this case, the Court should find that the revival exception would apply to the removal by Victory and McKinley.  As discussed *supra¸* removal is

consistent with principals of equity, would not undermine the purposes of the 30-day time limit, and would not result in delay or the waste of judicial resources.

### III.    The Record Suggests That the Plaintiffs Intentionally Delayed Adding Victory and McKinley as Parties to the Case

The Plaintiffs assert that they "did not delay" adding Victory and McKinley as parties to this case, "but rather did so after discovery in this case revealed their contribution to Plaintiffs' injury." Plaintiffs' Motion to Remand ¶6. This statement, however, clearly is contradicted by the following assertion made by the Plaintiffs in the very same motion:

> After the Morgan Stanley Parties moved the state court to compel mandatory arbitration [after the Original Petition was filed in 2003], the state court action was abated pending an arbitration before the National Association of Securities Dealers (NASD Arb. No. 03-05026). NewBridge Capital Partners, LLC, n/k/a Victory Capital Management, Inc. . . . and McKinley Capital Management, Inc. . . . <u>were not made parties to the NASD arbitration because neither was a NASD member and their participation therein could not be compelled by Plaintiffs.</u>

Plaintiffs' Motion to Remand ¶5 (emphasis added).

In order for the Plaintiffs to have made this statement, it must be true that they were aware of the existence of Victory and McKinley as potential parties to the case at the time of the NASD arbitration proceedings involving the MSDW Defendants. There can be no other reasonable interpretation of the Plaintiffs' claim that they elected not to join Victory and McKinley in the arbitration proceedings because "neither was a NASD member . . . ." Plaintiffs' Motion to Remand ¶5. In order to reach such a conclusion, the Plaintiffs consciously must have evaluated Victory and McKinley as potential defendants. Thus, contrary to the Plaintiffs' assertion elsewhere in their Motion to Remand, they clearly were aware as long ago as 2003 that they could have sought to proceed in court against Victory and McKinley. Obviously, however, they delayed doing so deliberately until September 2005.

Victory also respectfully would suggest that the Plaintiffs' credibility is eroded somewhat by the fact that they raised different grounds in their Motion to Remand than those asserted previously by Plaintiffs' Counsel in his communications with Victory.  *See* Exhibit E to Mitchell Affidavit.  After undersigned counsel wrote to Plaintiffs' Counsel and informed him that his original position was erroneous, *see* Exhibit F to Mitchell Affidavit, Plaintiffs' Counsel simply went ahead and filed a Motion to Remand asserting different grounds, without any advance consultation with Victory.  Clearly, this is an indication that the Plaintiffs lack confidence in their own position.

WHEREFORE, for all of the foregoing reasons, the Plaintiffs' Motion to Remand should be denied.

Dated:  December 12, 2005

Respectfully Submitted,

**Bernstein, Shur, Sawyer & Nelson, P.C.**

By:  s/ Daniel J. Mitchell
      Daniel J. Mitchell
      Admitted *Pro Hac Vice*
      John G. Osborn
      Admitted *Pro Hac Vice*
      100 Middle Street
      P.O. Box 9729
      Portland, ME 04104-5029
      Telephone: (207)774-1200
      Fax: (207)774-1127

**Allensworth and Porter, L.L.P.**

      W. Wade Porter
      TBN: 16156700; SDTX: 01649
      Matthew C. Ryan
      TBN: 24004901; SDTX: 38350
      620 Congress Avenue, Suite 100
      Austin, TX 78701-3229
      Telephone: (512)708-1250
      Fax: (512)708-0519

*Attorneys for Defendant Victory Capital Management, Inc.*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing has been delivered via first class U.S. Mail, postage prepaid, to the following:  Randall A. Pulman, Esq., Tompkins, Pulman, Bresnahan & Pullen, LLP, 6919 Blanco Road, San Antonio, TX, 78216; Douglas W. Poole, Esq., McLeod, Alexander, Powel & Apffel, P.C., 802 Rosenberg, P.O. Box 629, Galveston, TX 77553-0629; Clifford K. Atkinson, Esq., Atkinson & Thal, P.C., 201 3rd Street NW, Suite 1850, Albuquerque, NM 87102, this 12th day of December, 2005.

                             <u>s/ Daniel J. Mitchell   </u>
                             Daniel J. Mitchell