UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KATHRYN KELLY STEVENS, Trustee of ) <br> The Naylor Grandchildren's trust ) <br> f/b/o N.G.N., et al., ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br>   ) <br> NEWBRIDGE PARTNERS, LLC n/k/a ) <br> VICTORY CAPITAL MANAGEMENT, INC., ) <br> and McKINLEY CAPITAL ) <br> MANAGEMENT,INC., ) <br>   ) <br> Defendants. ) | | Civil Action No. 3:05-cv-00566 <br> [JURY] |

**<u>RESPONSE OF DEFENDANT VICTORY CAPITAL MANAGEMENT, INC.
TO MOTION OF DEFENDANT McKINLEY CAPITAL MANAGEMENT TO
DISMISS CASE FOR LACK OF VENUE, OR, ALTERNATIVELY, TO
TRANSFER PURSUANT TO 28 U.S.C. §1404(a)</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Victory Capital Management, Inc. ("Victory"), by its undersigned counsel, hereby submits the following response to the Motion of Defendant McKinley Capital Management, Inc. ("McKinley") to Dismiss Case for Lack of Venue Pursuant to Rule 12(c), or, Alternatively, Transfer Pursuant to 28 U.S.C. §1404(a):

McKinley has moved to dismiss, or, alternatively, to transfer venue to the United States District Court for the District of Alaska, based on the existence of the forum selection clause in its Investment Advisory Agreement with the Plaintiffs. This Court likely will treat McKinley's motion as one to transfer venue pursuant to 28 U.S.C. §1404(a). *Elliott v. Carnival Cruise Lines*, 231 F.Supp.2d 555, 558 (S.D. Tex. 2002) (Kent, J.).

If this Court determines that a transfer of venue to the District of Alaska is appropriate, Victory respectfully would submit that, at that point, it would be in the interests of justice and judicial economy to transfer the entire case to that Court, including the claims the Plaintiffs have asserted against Victory.

The Plaintiffs themselves already have alleged that their claims against McKinley and Victory are sufficiently related and parallel as to justify bringing them together as unified causes of action. First Amended Petition ¶¶7-15. If the Plaintiffs are required to bring their claims against McKinley in the District of Alaska, there will be little additional burden placed on them if they also must proceed in that forum against Victory. They would be in that Court anyway, litigating the same basic claims and issues. Indeed, there is a persuasive argument to be made that the burden on the Plaintiffs would be lessened if they are not required to undertake duplicative litigation in two different places, namely, Alaska and Texas. Certainly, from the standpoint of judicial efficiency, it makes little sense for the District of Alaska and the Southern District of Texas to adjudicate parallel causes that involve the same parties Plaintiff and the same basic issues. In the event that the Plaintiffs are required to litigate in Alaska against McKinley, the case certainly would proceed more efficiently and effectively if one Court presided over the entirety of the Plaintiffs' First Amended Petition.

The Court has discretion with regard to its decisions regarding the transfer of cases. *Brown, et al. v. Petroleum Helicopters, Inc., et al.*, 347 F.Supp.2d 370, 373 (S.D. Tex. 2004) (Kent, J.). In this case, if the Plaintiffs are required to litigate their parallel claims against McKinley in the District of Alaska, the interests of justice would best be served by requiring that the entirety of the Plaintiffs' claims be litigated in that Forum.

WHEREFORE, for all of the foregoing reasons, Victory respectfully requests that, to the extent the Court determines that transfer to the District of Alaska of the Plaintiffs' claims with regard to McKinley to the District of Alaska is appropriate pursuant to 28 U.S.C. §1404(a), the Court also order that Plaintiffs' claims against Victory be litigated in that same forum.

Dated:  December 12, 2005

Respectfully Submitted,

**Bernstein, Shur, Sawyer & Nelson, P.C.**

By: s/ Daniel J. Mitchell
    Daniel J. Mitchell
    Admitted *Pro Hac Vice*
    John G. Osborn
    Admitted *Pro Hac Vice*
    100 Middle Street
    P.O. Box 9729
    Portland, ME 04104-5029
    Telephone: (207)774-1200
    Fax: (207)774-1127

**Allensworth and Porter, L.L.P.**

    W. Wade Porter
    TBN: 16156700; SDTX: 01649
    Matthew C. Ryan
    TBN: 24004901; SDTX: 38350
    620 Congress Avenue, Suite 100
    Austin, TX 78701-3229
    Telephone: (512)708-1250
    Fax: (512)708-0519

*Attorneys for Defendant Victory Capital Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via first class U.S. Mail, postage prepaid, to the following: Randall A. Pulman, Esq., Tompkins, Pulman, Bresnahan & Pullen, LLP, 6919 Blanco Road, San Antonio, TX, 78216; Douglas W. Poole, Esq., McLeod, Alexander, Powel & Apffel, P.C., 802 Rosenberg, P.O. Box 629, Galveston, TX 77553-0629; Clifford K. Atkinson, Esq., Atkinson & Thal, P.C., 201 3rd Street NW, Suite 1850, Albuquerque, NM 87102, this 12th day of December, 2005.

s/ Daniel J. Mitchell
Daniel J. Mitchell